B1 (Official Form 1)(04/13)

# United States Bankruptcy Court
## Northern District of Illinois

**Voluntary Petition**

| | |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle):<br>**Azizova, Leyla V.** | **Name of Joint Debtor** (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5686** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**155 Avon Road**<br>**Northbrook, IL**<br>ZIP Code **60062** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Cook** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor** (Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s): **Azizova, Leyla V.**

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).

**X**   /s/ Rae Kaplan            October 8, 2015
Signature of Attorney for Debtor(s)        (Date)
**Rae Kaplan**

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13) Page 3

# Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Azizova, Leyla V.**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Leyla V. Azizova**
Signature of Debtor **Leyla V. Azizova**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**October 8, 2015**
Date

### Signature of Attorney*

X **/s/ Rae Kaplan**
Signature of Attorney for Debtor(s)

**Rae Kaplan**
Printed Name of Attorney for Debtor(s)

**Kaplan Bankruptcy Firm, LLC**
Firm Name

**25 East Washington St**
**Suite 1501**
**Chicago, IL 60602**

Address

**Email: rkaplan@financialrelief.com**
**(312) 294-8989 Fax: (312) 294-8995**
Telephone Number

**October 8, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Leyla V. Azizova**                                             Case No.
                             Debtor(s)                                    Chapter   **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont. Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Leyla V. Azizova**
**Leyla V. Azizova**

Date: **October 8, 2015**

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Leyla V. Azizova**                                                                 Case No.
　　　　　　　　　　　　　　　　Debtor(s)                                               Chapter     **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **0.00** |
   | Prior to the filing of this statement I have received | $ **0.00** |
   | Balance Due | $ **0.00** |

2. $ **0.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor        □ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor        □ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   □ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors for reaffirmations; exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Redemptions under 11 U.S.C. 722, representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions, any adversary proceeding, amendments and enforcement of stay violations.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **October  8, 2015**                                  /s/ Rae Kaplan
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Rae Kaplan**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Kaplan Bankruptcy Firm, LLC**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**25 East Washington St**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Suite 1501**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Chicago, IL 60602**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(312) 294-8989   Fax: (312) 294-8995**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**rkaplan@financialrelief.com**

---

# KAPLAN BANKRUPTCY FIRM, L.L.C.

## PRE-PETITION ENGAGEMENT AGREEMENT

Leyla V. Azizova (the "**Client**" or "**you**") hereby engages and retains Kaplan Bankruptcy Firm, L.L.C., a debt relief agency and law firm (the "**Law Firm**"), solely to represent the Client to: (i) evaluate the Client's financial circumstances; (ii) to explain to the Client the Client's options which may be available to the Client considering such financial circumstances including but not limited to the filing with the Clerk of the Bankruptcy Court a petition (the "**Petition**") for relief under chapter 7 or chapter 13 of Title 11 U.S.C. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Illinois (Client's "**Bankruptcy Case**"); (iii) if the Client after consultation with the Law Firm determines it is in the Client's best interests to file a Petition for a chapter 7 Bankruptcy Case, file said Petition on behalf of the Client, in which case the Law Firm shall not perform any additional work for the Client after filing said Petition; and (iv) if the Client after consultation with the Law Firm determines it is in the Client's best interests to file a Petition for a chapter 13 Bankruptcy Case, file said Petition and prosecute and conclude said chapter 13 Bankruptcy Case on behalf of the Client . If a Petition is filed for a chapter 7 Bankruptcy Case on behalf of the Client, and the Client thereafter chooses in the Client's sole discretion to engage the Law Firm by entering into a post-petition engagement agreement with the Law Firm ("**Post-Petition Engagement Agreement**") to prosecute the Client's chapter 7 Bankruptcy Case, the Post-Petition Engagement Agreement would provide for the Law Firm to prosecute and conclude Client's Bankruptcy Case for fees, costs and expenses incurred subsequent to the filing of the Petition all as provided in the Post-Petition Engagement Agreement; if the Client does not enter into a Post-Petition Engagement Agreement with the Law Firm in connection with Client's chapter 7 Bankruptcy Case, the Client may choose at its sole discretion to engage other legal counsel to prosecute the Client's Bankruptcy Case, represent itself on a *pro se* basis to prosecute the Client's Bankruptcy Case or abandon the Client's Bankruptcy Case, and in any such event the Client hereby agrees and acknowledges that the Client will not oppose the Law Firm from withdrawing as the Client's attorney in connection with the Client's chapter 7 Bankruptcy Case.

### Article 1. The Law Firm's Duties

1.1 The Law Firm shall investigate and advise the Client regarding its interests. The Client understands and acknowledges to the Law Firm that the Client's Bankruptcy Case may be complex, and that the Law Firm's investigation of and work on the Client's Bankruptcy Case shall not commence until the Client signs, dates and delivers this Pre-Petition Engagement Agreement to the Law Firm. Therefore, the Client also understands and acknowledges to the Law Firm that discovery in the Client's Bankruptcy Case and/or other future events may change the Law Firm's advice regarding the Client's Interests, perhaps in a significant or material way. The Law Firm is not obligated to begin or to continue to prosecute or defend any claim that in the Law Firm's sole professional judgment is or becomes objectively or subjectively frivolous, can only be brought in bad faith, or whose continued prosecution comes to or may constitute bad faith, violates or comes to or may violate any rule or code of professional ethics, or has or comes to or may have so little chance of success on the merits that it is not reasonable to expect the Law Firm to continue to invest its time and effort to further prosecute the Client's Bankruptcy Case.

1.2 The Law Firm is specifically under no obligation to prosecute or to defend any appeal or adversary action by reason of this Pre-Petition Engagement Agreement.

### Article 2. Fees and Expenses

2.1 **Chapter 7 Bankruptcy Case:** If the Client chooses in the Client's sole discretion after consultation with the Law Firm to file a Petition for a chapter 7 Bankruptcy Case, the Client shall pay to the Law Firm, prior to the Law Firm commencing any work on the Client's behalf, **professional fees** in the amount of **$1,000.00 (Client's Initials: _____)**. These professional fees **do not include court costs** payable by the Client in the amount of **$335.00**, or such other amount of court costs as shall be established under the Bankruptcy Code or rules promulgated thereunder from time to time.

2.2 **Chapter 13 Bankruptcy Case:** If the Client chooses in the Client's sole discretion after consultation with the Law Firm to file a chapter 13 Bankruptcy Case, the Law Firm's **professional fees** shall be **$4,000 (Client's Initials: _____)**, of which sum **$0.00** shall be paid prior to the Law Firm commencing any work on the Client's behalf, and the balance of which shall be paid through the Client's chapter 13 Bankruptcy Case plan. These professional fees **do not include court costs** payable by the Client in the amount of **$310.00**, or such other amount of court costs as shall be established under the Bankruptcy Code or rules promulgated thereunder from time to time.

2.3 The professional fees indicated above include consulting with the Client to discuss the Client's financial condition and possible solutions. For a chapter 13 bankruptcy case only, the professional fees indicated above also include: (i) preparing, filing and amending the Client's bankruptcy schedules and all documents required to be filed by the Bankruptcy Code; appearing at the Client's 341 Meeting of Creditors; (ii) processing reaffirmation agreements with the Client's secured creditors; (iii) providing the sections 342(b)(1), 527 and 521 notices which are attached hereto; and (iv) and corresponding with the Trustee assigned to the case; these chapter 13 fees expressly do <u>not</u> include any obligation on the Law Firm to prosecute or defend any and/or all contested motions and/or any and all adversary proceedings ("Additional Services"), which may arise as a result of the Client's chapter 13 Bankruptcy Case; and anything herein to the contrary, both the Law Firm and the Client will endeavor to be fair and reasonable with each other in all billing matters.

2.4 All retainers described herein, including all future retainers, are expressly agreed to be "advance payment retainers" as described in *In re: Production Associates, Ltd. 264 B.R. 180 (Bkrtcy. N.D.Ill 2001)* and *Dowling v. Chicago Options Associates, Inc., 2007 WL 128879 (Ill.).* The Law Firm will commingle the retainer and any future retainer immediately upon receipt with their general funds being obligated only to refund an amount equal to the unearned portion thereof, if any, promptly after the termination of the Law Firm's services. Ordinarily, Client has the option to request that the retainer be considered a "security retainer" where Client continues to have an interest in the funds, but Client recognizes and agrees that the Law Firm would not undertake the representation on that basis. The Law Firm is obligated by the *Dowling* case to advise Client of the reason they would decline to represent Client on a security retainer basis, and that reason is the Law Firm does not desire to potentially compete with the creditors of the Client on a security retainer basis.

2.5 Compensation will be paid to the Law Firm at their customary hourly rates for all Additional Services (including all para-professional staff) as they exist from time to time. The rates are currently $300 per hour for attorney's time, and $95 per hour for para-professional's time. In addition, if for any reason the attorney-client relationship is terminated by either of the Parties, then upon such termination the Law Firm will prepare an accounting and forward the same to the Client and charge the Client on an hourly basis for all time expended by the Law Firm up until the time of termination, including the preparation of the accounting.

2.6 All expenses incurred, and disbursements made by the Law Firm on the Client's behalf in connection with this matter will be payable by the Client in addition to the professional fees. Such expenses typically include, but are not limited to: tax transcripts, credit reports, long distance telephone calls, photocopying, messengers, and regular and electronic mail services. The foregoing list is by way of example only, and the omission of any charge, expense, or disbursement from said list is not intended as a limitation for such possible charges. The Law Firm will generally bill the Client for such costs once a month unless the costs incurred are so insignificant as not to justify a billing. In the case of any cost the Law Firm deem exceptional in their sole discretion, the Law Firm may request payment in advance or payment directly from the Client to the provider.

2.7 If the Client specifically objects in writing to any charge appearing on any bill rendered by the Law Firm, the Client will pay within one month of the date of any bill any and all charges to which the Client does not specifically object in writing. The Law Firm is always willing to discuss its charges with the Client, but the Client agrees that any fee or expense in regard to which the Client does not object in writing to the Law Firm within one month of the date thereof shall constitute an "account stated" and the Client shall no longer be entitled to dispute the same. The reason for setting this deadline is to keep any objections (and the memories that underlie them for all the Parties) from becoming stale, and to encourage the Client to bring any billing controversies to the Law Firm's attention as soon as possible to foster a speedy resolution thereof.

2.8 The Client hereby acknowledges that the Chapter 13 Trustee may, at its sole discretion, request the turnover of Client's post-petition tax returns and tax refunds each year the case is active. The Client acknowledges that the entire amount of the yearly tax refunds may be payable to the Trustee *in addition* to the minimum amount proposed to repay creditors in Client's confirmed Chapter 13 Plan.

### Article 3. The Law Firm's Authority To Act

3.1 In matters of professional responsibility, the Law Firm shall act in their own discretion as they deem proper under the applicable rules of court and the Illinois Code of Professional Responsibility and the Rules of any Court in

which the case is prosecuted, and without any direction from the Client.

3.2 The Client recognizes that the Law Firm possesses special skills and training in legal matters which the Client does not possess or are beyond the Client's knowledge and skill. Accordingly, where and to the extent appropriate, the Law Firm shall take direction from the Client upon the Client's written demand but only where and to the extent the same do not impinge upon the Law Firm's professional responsibilities and legal judgment, or where a full consultation with the Client regarding the same is not practical given relevant circumstances and/or timing.

3.3 Nothing herein shall be construed to limit the Law Firm's responsibilities under the Illinois Code of Professional Responsibility, but it is the Parties' desire that the provisions hereof be interpreted to the greatest extent possible to conform to said Illinois Code of Professional Responsibility.

### Article 4. Contract Construction

4.1 This Pre-Petition Engagement Agreement shall be construed under a rule of reasonableness at the time it was entered, examining any provision thereof with a mind that the Parties hereto were acting in good faith and without oppression, attempting to reach a fair and equitable means on which the Law Firm could pursue the Client's Interests for the Client

4.2 This Pre-Petition Engagement Agreement shall be construed according to the laws of the State of Illinois and the Parties agree to submit to the jurisdiction of any State Court in the Circuit Court of Cook County.

4.3 Subject to any rule, procedure or court order that is adopted by the courts in this jurisdiction which are expressly incorporated by reference into this Pre-Petition Engagement Agreement and made a part hereof, the Parties acknowledge that this Pre-Petition Engagement Agreement embodies the full understanding of the Parties hereto and is a fully integrated agreement that may only be altered or amended by a writing signed by both Parties.

### Article 5. Legal Advice Regarding This Pre-Petition Engagement Agreement

5.1 The Law Firm is not representing the Client regarding the Client entering into this Pre-Petition Engagement Agreement, nor is the Law Firm rendering any legal advice to the Client regarding the same. The Client acknowledges that the Law Firm has recommended to and advised the Client that the Client should retain the Client's own independent legal advice from legal counsel other than the Law Firm regarding the Clients entering into this Pre-Petition Engagement Agreement with the Law Firm, and that the Client has indeed obtained such independent legal advice or has knowingly waived the Client's right, and the Firm's advice to the Client, to obtain such independent advice from legal counsel other than the Firm.

### Article 6. General; Client Disclosures

6.1 Either party may terminate Client's engagement of the Law Firm but only by giving written notice to the other party at the designated or last known address of the party receiving such termination notice, subject in the case of the Firm terminating engagement to the Firm's compliance with any applicable rules or codes of professional ethics and responsibilities.

6.2 In addition to paying the Firm's fees and all other costs set forth in the Pre-Petition Engagement Agreement, the Client also agrees: to carry out all of the Client's obligations pursuant to section 521 of the Bankruptcy Code; to provide the Law Firm full, honest and accurate disclosures of all the Client's assets, liabilities and financial information; to notify the Law Firm of any change or anticipated change in the Client's circumstances; and to comply with applicable law.

6.3 Disclosure Pursuant to 11 U.S.C. &527(a)(2).
   a) All information that you are required to provide with a petition and thereafter during a case under the Bankruptcy Code is required to be complete, accurate, and truthful.  This is solely your responsibility.
   b) All assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case. The Bankruptcy Code requires that you list the replacement value of each asset.  This must be the replacement value of the property at the date of filing the petition, without deducting for costs of sale or marketing, established after a reasonable inquiry.  For property acquired for personal, family or household use, replacement value means the price a retail merchant would charge for property of that kind, considering the age and condition of the property. This is solely your responsibility.

c) The following information, which appears on Official Form 22, Statement of Current Monthly Income is required to be stated after the reasonable inquiry: current monthly income, the amounts specified in section 707(b)(2), and, in a case under chapter 13 of the Bankruptcy Code, disposable income (determined in accordance with section 707(b)(2). This is solely your responsibility.

d) Information that you provide during your case may be audited pursuant to provisions of the Bankruptcy Code. Failure to provide such information may result in dismissal of the case under this title or other sanction, including criminal sanctions. This is solely your responsibility.

e) By signing below, you acknowledge that the Law Firm has fully explained your obligations set forth above to you, you have had the opportunity to ask the Law Firm questions and receive answers about such obligations and you fully understand your obligations set forth above.

### Article 7.  Required Disclosures

7.1 Under the bankruptcy laws, the Client is required to take a Credit Counseling Course prior to the filing of the Client's bankruptcy petition and a Financial Management Course prior to the discharge of the Client's bankruptcy. If the Client fails to complete these courses the Client's bankruptcy discharge will be denied.

7.2 Section 527 of the Bankruptcy Code requires a debt relief agency to provide an assisted person with the following: A copy of the notice prepared by the clerk of the Bankruptcy Court, in accordance with the requirements of § 342(b), which the Client has been shown at the Client's initial consultation and which contains a brief description of Chapters 7, 11, 12, and 13 and the general purpose, benefits, and costs of proceeding under each of those chapters; and the types of services available from credit counseling agencies;  specifying that a person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury in connection with a case under this title shall be subject to fine, imprisonment, or both; and that all information supplied by a debtor in connection with a case under this title is subject to examination by the Attorney General.

7.3 All information that the assisted person is required to provide with a petition and thereafter during a case under this title is required to be complete, accurate, and truthful; all assets and all liabilities are required to be completely and accurately disclosed in the documents filed to commence the case, and the replacement value of each asset as defined in § 506 must be stated in those documents where requested after reasonable inquiry to establish such value; current monthly income, the amounts specified in section 707(b)(2), and, in a case under Chapter 13 of this title, disposable income (determined in accordance with § 707(b)(2)) are required to be stated after reasonable inquiry; and information that an assisted person provides during his or her case may be audited pursuant to this title, and failure to provide such information may result in dismissal of the case under this title or other sanction, including a criminal sanction.

7.4 If you decide to seek bankruptcy relief, you can represent yourself, you can hire an attorney to represent you, or you can get help in some localities from a bankruptcy petition preparer who is not an attorney. The law requires an attorney or bankruptcy petition preparer to give you a written contract specifying what the attorney or bankruptcy petition preparer will do for you and how much it will cost. Obtain a copy of and carefully review the contract before you hire anyone. The following information explains what must be done in a routine bankruptcy case to help you evaluate how much service you need. Before filing a bankruptcy case, either you or your attorney should analyze your eligibility for different forms of debt relief available under the Bankruptcy Code and decide which form of relief is most likely to be beneficial for you. Be sure you understand the relief you can obtain and its limitations. To file a bankruptcy case, documents must be prepared correctly and filed with the bankruptcy court. You will have to pay a filing fee to the bankruptcy court. Once your case starts, you must attend the required first meeting of creditors, where you may be questioned by a court official called a "trustee" and by creditors. If you choose to file a Chapter 7 case, you may be asked by a creditor to reaffirm a debt. You may want help deciding whether to do so. A creditor is not permitted to coerce you into reaffirming your debts. If you choose to file a Chapter 13 case, in which you repay your creditors what you can afford over 3 to 5 years, you may also want help preparing your Chapter 13 plan and with the confirmation hearing on your plan, which will be before a bankruptcy judge. If you select another type of relief under the Bankruptcy Code other than Chapter 7 or Chapter 13, you should consult someone familiar with that type of relief. Your bankruptcy case may also involve litigation. You are generally permitted to represent yourself in litigation in bankruptcy court, but only lawyers, not

bankruptcy petition preparers, can give you legal advice in that regard.

7.5 You must accurately disclose your average monthly income and expenses. To compile your income refer to recent paystubs accounting for all income. Review your monthly expenditures and make your best estimate on cash expenditures. If you are required to pass a "means test" because of your income, your estimated monthly expenses will be based upon IRS allowances based on the area in which you live. If your expenses exceed the allotted amounts, you may need to make adjustments accordingly. When you value your property, consider the prices for housing in your area, in newspapers for automobiles, and what you would pay for furniture and clothes at stores selling such goods. If you have an item of unique or special value, an appraisal may be necessary. When listing creditors, base information concerning the creditor on the most current bill or invoice. Some of your property is exempt and may be retained according to the exemptions that the Law Firm has reviewed at your consultation. If a creditor has a lien on exempt property, the lien may be avoidable, or you may have to pay to keep the property.

AGREED AND ACKNOWLEDGED BY CLIENT:

**DEBTOR:**

X _____ *Leyla Azizova* _____

Print Name: Leyla V. Azizova
Date: October 1, 2015

**JOINT DEBTOR:**

_____

Print Name:
Date:

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

Form B 201A, Notice to Consumer Debtor(s)      Page 2

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Northern District of Illinois

In re  **Leyla V. Azizova**
Debtor(s)

Case No. 
Chapter  **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b) OF THE BANKRUPTCY CODE

**Certification of Debtor**

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Leyla V. Azizova** | X  /s/ Leyla V. Azizova    **October  8, 2015** |
|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor    Date |
| Case No. (if known) _____ | X _____ |
|  | Signature of Joint Debtor (if any)    Date |

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

```
Best Buy/CBNA
P.O. Box 6497
Sioux Falls, SD 57117


Capital One Bank
P.O. Box 30281
Salt Lake City, UT 84130-0281


Capital One Bank
P.O. Box 30281
Salt Lake City, UT 84130-0281


Commerce Bank
P.O. Box 411036
Kansas City, MO 64141


D. Patrick Mullarkey
Tax Division (DOJ)
P.O. Box 55, Ben Franklin Station
Washington, DC 20044


Discover Financial Services
P.O. Box 15316
Wilmington, DE 19850


DSNB/Macy's
P.O. Box 8218
Mason, OH 45040


Internal Revenue Service
575 N. Pennsylvania Street
M/S SB380
Indianapolis, IN 46204


Internal Revenue Service
2970 Market Street
Mail Stop 5-Q30.133
Philadelphia, PA 19104-5016


Internal Revenue Service
230 S. Dearborn, MS 4401
Attn: D.R. Calhoun-1248182
Chicago, IL 60604
```

```
Internal Revenue Service
P.O. Box 7317
Philadelphia, PA 19101-7317


Internal Revenue Service*
P.O. Box 7346
Philadelphia, PA 19101-7346


Internal Revenue Service*
P.O. Box 7346
Philadelphia, PA 19101-7346


ISAC*
1755 Lake Cook Rd.
Deerfield, IL 60015-5209


Lending Club Corporation
21 Stevenson
Ste. 300
San Francisco, CA 94105


Nahida Kerimli
c/o Reza Baniassadi
180 North LaSalle, Ste. 1921
Chicago, IL 60601


Nordstrom FSB
P.O. Box 13589
Scottsdale, AZ 85267


Onemain Financial
6801 Colwell Blvd.
c/s Care Dept.
Irving, TX 75039


Student Assist Foundation
2500 Broadway
P.O. Box 5209
Helena, MT 59604-5209


Syncb/Amazon
P.O. Box 965015
Orlando, FL 32896
```

```
Synch/Payplasmartconn
P.O. Box 965005
Orlando, FL 32896-5005


The Home Depot/CBNA
P.O. Box 6497
Sioux Falls, SD 57117-6497


Toyota Motor Credit Corp.
5005 N. River Blvd., NE
Cedar Rapids, IA 52411-6634


Toyota Motor Credit Corp.
5005 N. River Blvd., NE
Cedar Rapids, IA 52411-6634


Toyota Motor Credit Corp.
5005 N. River Blvd., NE
Cedar Rapids, IA 52411-6634


Toyota Motor Credit Corp.
5005 N. River Blvd., NE
Cedar Rapids, IA 52411-6634


U.S. Bank
P.O. Box 2188
Oshkosh, WI 54903


U.S. Bank
CB Disputes
P.O. Box 108
Saint Louis, MO 63166
```